## BRYANT v. VANCE.—230 S. W. (2d) 198.

Middle Section.    February 24, 1950.

Petition for Certiorari denied by Supreme Court, June 7, 1950.

T. P. Wall, Jr., and Louis Farrell, Jr., both of Nashville, for complainant.

Judson Harwood, of Nashville, for defendant.

HOWELL, J. The bill in this case alleges that the complainant is the owner of a tract of land in Van Buren County, Tennessee, and that he entered into an agreement with the defendant under which the defendant was given an exclusive agency to handle sales to timber on the property, that he is advised that defendant claims certain valuable rights in this property which complainant did not grant to him and that defendant is claiming that complainant executed two documents which purported to convey to defendant certain rights in this property. The bill avers that complainant did not execute any such instruments and prays that upon the hearing defendant be required to reconvey the property to complainant and to reassign certain contracts to him and that the contracts set out in the bill be declared void.

The defendant filed an answer in which he denied the material allegation of the bill.

The case was heard by the Chancellor upon oral testimony and the entire record and a decree entered on September 22, 1949, in which the facts are found for the complainant and the relief prayed was granted. This decree is in part as follows:

"It appears to the court that the defendant procured the execution and delivery to him by the complainant of the deeds or conveyances of real estate, and assignment of lease, mentioned in the bill, and at the time of the execution and delivery of said instruments the defendant occupied a fiduciary relationship to the complainant, and while said instruments were read to complainant prior to their execution and delivery, the defendant did not explain to the complainant that he expected to and would

claim and insist that he, the defendant, would assert, insist and contend that he became the owner in fee of a one-half undivided interest in the real estate described in said conveyances and assignment, and did not explain to complainant, nor advise him of, his rights, and that the defendant now claims and insists that by said transactions he, the defendant, did become and is the absolute owner of a one-half undivided interest in the said real estate mentioned and described and said conveyances and in the leasehold mentioned in said assignment; and that the defendant procured the execution and delivery of said deeds and assignments under circumstances which entitle the complainant to a decree requiring defendant to make reconveyance of the property therein conveyed and assigned, upon the condition hereinafter stated; and it further appearing to the court that defendant insists that after the execution and delivery of said instruments, he incurred expenses, the payment of which directly and proximately inured and inure to the benefit of complainant's title to the lands and interest conveyed any assigned, and which the complainant himself would necessarily have been forced to incur in order to preserve, protect and/or perfect his interest and title, and it further appearing to the court that it would be, under the facts of this case, inequitable to grant the complainant the relief sought and at the same time permit him to retain the benefits and advantages of any such expenditures by defendant as directly inured to complainant's benefit.

"It is, therefore, ordered, adjudged and decreed by the court:

"1. Upon complainant paying to defendant the amount of such reasonable expenses, as may be determined

pursuant to the provisions of paragraph 2 hereinafter, incurred and paid by defendant, as inured directly and proximately to the benefit of complainant in preserving, protecting or perfecting the latter's title to the real estate conveyed by the deeds from complainant to defendant and leasehold assigned by complainant to defendant (which said deeds and assignments are hereinafter identified and referred to), the defendant shall execute, acknowledge and deliver to complainant a reassignment of the said lease and a deed, transferring and conveying to complainant all right, title and interest conveyed to defendant, or which he may have obtained, under or by virtue of said assignment and said deeds, and which assignment and deed shall each contain covenant warranting that defendant has made no disposition of nor conveyed any rights in the properties since the transfers to him by complainant and that defendant has not, nor has anyone claiming through or under him, or privy to him, placed or caused to be placed any lien or incumbrance on said property."

Then follows a reference to the specific instruments involved.

The Chancellor then referred the case to the Clerk and Master for a report as to what reasonable sums of money had been expended by defendant which inured to the benefit of complainant and decreed that:

"Any such reasonable amount so found and reported by the Master, and confirmed by the Court, shall be paid by complainant to defendant within 90 days from the date such report is confirmed, which period of time is found to be reasonable under the facts and circumstances of this case, and if not paid within said time the bill shall stand dismissed."

The decree then provides:

"And the complainant, having in open Court, through his counsel, specifically orally requested that the Court not attach said condition to a reconveyance but to charge complainant's interest in said property with a lien to the extent of such amount, to be satisfied upon a sale of the property, the Court was pleased to and orders, adjudges and decrees that said request · or prayer be denied."

The complainant excepted to the action of the Court in attaching any conditions to the reconveyance or assignment to him and in ordering a reference to the Clerk and Master, and prayed and was granted an appeal to this Court which was perfected. The complainant assigns the action of the Chancellor in attaching a condition to the reconveyance to him requiring him to repay any amounts to the defendant and in refusing to charge complainant's interest in the property with a lien in favor of defendant for the reasonable sums expended.

In his brief complainant says:

"The only portion of the decree of the Chancellor which appellant attacks, and with which he is dissatisfied, is that part of the decree, which, after requiring a reconveyance from the faithless fiduciary, requires appellant to repay the fiduciary his costs and expenses within 90 days, and decrees that upon his failure to do so, the fiduciary can· retain the property of the cestui.

"In particular, to pin point the objection of appellant which is not to the principle of reimbursement made but to the method by which the Court ordered this reimbursement made."

Thus it is seen that complainant has been granted the relief he was found entitled to and the errors assigned

are that complainant was required to do equity in the manner the Chancellor deemed most expedient.

From a careful reading of the record and consideration of the briefs and arguments of counsel we cannot say that the Chancellor abused his discretion in granting the relief in the manner set out in the decree.

The Chancellor saw and heard these parties and the witnesses and concluded that the complainant was entitled to the relief prayed in the bill but the evidence disclosed that the defendant had expended certain sums of money which inured to the benefit of the complainant and therefore complainant was required to refund these amounts, to be ascertained by a reference to the Clerk and Master, to the defendant as a condition for the granting of the relief prayed. The complainant was required by the Chancellor to do equity in order to secure equitable relief.

The case of Talbot v. Provine, 66 Tenn. 502, relied upon by the complainant, is not applicable to the facts of this case.

In Gibson in Suits in Chancery in paragraph 39 page 55 it is said:

"He Who Seeks Equity Must Do Equity.—Under the operation of this maxim, Courts of Chancery are enabled to adjust the equities of the complainant to the equities of the defendant, and thus do complete justice between the parties. Formerly, it was the practice of the Court to refuse relief to the complainant, unless the complainant would acknowledge, or concede, or provide for, the rights, claims and demands justly belonging to the defendant, and growing out of, or necessarily connected with the subject matter of the controversy. The ecclesiastical Chancellors sought to enforce on their

Courts the divine injunction of doing unto others as we would have others do unto us which is only another form of the maxim. But now, the Court of Chancery does not wait for the complainant to offer to do equity, but acts on the supposition that, knowing the rule of the Court, he is willing to do whatever equity towards the defendant the Court may require of him.''

The assignments of error are overruled and the decree of the Chancellor affirmed. The case will be remanded to the Chancery Court of Davidson County for the execution of the decree. The complainant will pay the costs of the appeal.

Affirmed and remanded.

Felts and Hickerson, JJ., concur.